## Isaac Rinehart, Plff. in Err., v. City of Lancaster.

To entitle one to a reward offered for the arrest and conviction of a criminal, it is necessary that the claimant should be principally instrumental in securing the arrest and conviction. It is not sufficient that he was only an instrument in the hands of others.

A party who, at the request of another, joins in the pursuit of a crim-

NOTE.—Where the reward is offered for the "capture and delivery" of an escaped prisoner, it is not sufficient for the plaintiff to show that he furnished information as to the location of the fugitive, and was one of the sheriff's assistants in making the arrest. Juniata County v. McDonald, 122 Pa. 115, 15 Atl. 696.

inal and identifies him and afterwards testifies in court is not, without more, entitled to a reward.

(Decided October 4, 1886.)

Error to the Common Pleas of Lancaster County to review a judgment on a verdict for defendant in an action of assumpsit to recover a reward for the detection of incendiarism. Affirmed.

The incendiary was first pursued by one Graeff, but made his escape. A lad about eleven years old saw them running on the street and, after Dungan's arrest, identified him as the party who had been pursued, and testified to these facts in court.

Further facts are stated in the opinion.

*B. F. Davis* for plaintiff in error.

*J. W. Johnson* for defendant in error.

OPINION BY MR. JUSTICE GORDON:

On the 17th of April, 1879, the city of Lancaster, through its mayor, John T. Macgonigle, Esq., offered a reward of $500 for the arrest and conviction of "any party or parties setting fire to buildings of any description within the limits of the city."

The plaintiff in the present suit claims this reward, alleging that he was principally instrumental in securing the arrest and conviction of one Jerry Dungan for an attempt to fire a stable or barn in said city, belonging to George Hastings.

We agree with the learned counsel for the plaintiff, that the question was not properly whether the guilty party was convicted on the plaintiff's testimony, or upon that of others, for it was not necessary in order to entitle himself to the reward that he should have testified to any matter concerning the case.

Had he, as the detectives say, "worked up the case," that is, had he discovered and arranged the evidence which warranted Dungan's arrest, and on which he was convicted, he would have entitled himself to the reward, although he might not have appeared on the stand as a witness, and had, in fact, no personal knowledge of anything tending to a proof of Dungan's guilt.

The city was not offering a bonus for witnesses, but neither did it intend to reward those who might be called upon to assist in the apprehension of incendiaries. Hence, unless Rinehart was indeed principally instrumental in the arrest and conviction of the offender he had no claim against the city, and the judgment as it now stands must be regarded as well rendered.

It requires, however, but a cursory examination of the evidence to demonstrate the utter futility of the plaintiff's suit. He neither discovered the evidence nor was he the cause of the guilty party's arrest. According to his own showing, he knew nothing about the attempt to fire the barn until Hastings informed him; and he joined the constable and others in the pursuit, at the instance of Hastings and that only because of his ability to identify Dungan as the person who was at the building about the time when Graeff discovered the roll of paper and the matches. If, then, Hastings, the owner of the property, was the person who not only gave the plaintiff the information on which he acted in assisting to make the arrest, but who also originated the pursuit, on what ground does he now found his claim against the city?

He was not the cause of the arrest; he discovered no evidence; neither did he conduct the prosecution. Had the matter rested with him, Dungan never would have been put on trial, much less convicted. What did he discover, and what did he do? He saw Dungan lounging about the premises but did not know, until he was so informed by Hastings, that Dungan had done or intended any harm, and being asked so to do, he joined the constable in effecting the capture of the supposed criminal. So far, then, from being the discoverer of the offender, or the moving cause of his arrest and conviction, he was himself but an instrument in the hands of others, and an unimportant one at that, for it does not appear that he materially contributed to the result.

The judgment is affirmed.