FRANK LOVEJOY, Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, April 3, 1893.

Rewards: PERFORMANCE OF OFFER: APPREHENSION AND CONVICTION. The defendant offered a reward for the apprehension and conviction of a party or parties firing into one of its trains in Kansas. Plaintiff informed the governor of Kansas that one of the parties was in the Missouri penitentiary. The governor turned over the information to defendant's agents who secured the arrest and conviction of the suspected party simply using plaintiff as a witness who took no risk or responsibility for the arrest or conviction. *Held*, Plaintiff was not entitled to recover the reward. The authorities are discussed and distinguished in the opinion.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED.

*Gardiner Lathrop, James C. Davis* and *S. W. Moore*, for appellant.

(1) A reward for the "apprehension and conviction" of the perpetrator of a crime is not earned unless the person claiming the reward has either by himself or his agent arrested the perpetrator and secured the evidence necessary for a conviction. *Juniata Co. v. McDonald*, 15 Atl. Rep. 696; *Shuey v. United States,*

92 U. S. 73; *Everman v. Hyman*, 28 N. E. Rep. 1022; *Adair v. Cooper*, 24 Tex. 548; *Burke v. Wells, Fargo Co.*, 50 Cal. 218; *Plantin v. Young.* 11 Rich. S. C. 546; *Jones v. Bank*, 4 Seld. 228; *Reinhart v. City of Lancaster*, 6 Atl. Rep. 91.

*John S. Crosby* and *Dowe, Bennett & Rusk*, for respondent.

Appellant's contention "that a reward for the 'apprehension and conviction' of the perpetrator of a crime is not earned unless the person claiming the reward has either by himself or his agents arrested the perpetrator and secured the evidence necessary for a conviction," cannot be maintained. None of the cases cited by appellant will be found authority for the proposition.

SMITH, P. J.—This is an action by plaintiff against defendant to recover a reward offered by the latter. The petition alleged that defendant by publicly posted notices offered a reward of $1,000 for the *apprehension and conviction* of each of the parties who fired into its train at Cooledge, Kansas, and that plaintiff apprehended and caused and procured to be apprehended and convicted one of said parties who fired into defendant's train, etc. The answer was a general denial. There was judgment for plaintiff and defendant appealed.

The facts which the evidence tends to prove are that, in the year 1883, near the town of Cooledge in the state of Kansas, a number of then unknown persons intending to rob one of defendant's trains fired into it, killing the engineer and wounding the fireman; that the defendant thereupon by publicly-posted hand bills offered $1,000 reward for the "apprehension and

conviction" of each of the perpetrators of the wrong; that in the spring of 1885 the plaintiff, who was employed by the state of Missouri at its penitentiary in the capacity of guard, was informed by a convict named Henry Kellen that he was the man who with two confederates went aboard the defendant's train and killed the engineer and shot the fireman. He gave the particulars of the attempted robbery of defendant's train and the names of his confederates. The plaintiff immediately thereafter wrote a letter to the governor of the state of Kansas communicating to him the information he had received from Kellen, stating there was quite a reward for him and requesting the governor to advise him whether such reward was still good and to send a man to Jefferson City to work with him in capturing Kellen's two confederates. The governor, it appears, turned this letter over to the claim agent of defendant, who sent Higgins, one of his subordinates, to Jefferson City to investigate the subject matter of the plaintiff's letter to the governor.

Higgins, armed with a letter of introduction from the governor, went to Jefferson City and there met plaintiff, and by leave of the warden of the penitentiary saw Kellen alone and secured a full confession of his crime. The defendant then next procured an information to be filed against Kellen for murder. It is not anywhere expressly so stated, but it may be inferred from the facts and circumstances detailed in the evidence, that by some understanding between the governor of Kansas and the governor of Missouri the latter issued a pardon to Kellen so that he could be surrendered to the agent of the former upon his requisition. At all events a pardon was issued to Kellen who was arrested as soon as he was released from the penitentiary and turned over to Higgins as an agent of the state of Kansas, who took him back to that state

where he was subsequently tried and convicted. The plaintiff did nothing whatever towards securing the apprehension and conviction of Kellen, except to write the letter to the governor of Kansas already referred to. It is true that under a subpœna he was present as a witness and testified at the trial of Kellen, but the defendant furnished him a pass over its road to and from the place of trial and paid his expenses while there. He did not assume the burden and responsibility of the prosecution.

The defendant's contention is that conceding that the plaintiff gave the information that subsequently led to the apprehension and conviction of Kellen that this did not entitle him to the reward offered by it, and that therefore the trial court erred in refusing its instruction in the nature of a demurrer to the evidence. The question thus presented for our decision is, do the facts as we have related them bring the plaintiff within the terms of the defendant's offer of reward. A contract by advertisement of this kind is incomplete until performed. *Society v. Broomfield*, 102 Ind. 146. The claimant must prove that he has substantially performed the service required by the offer. *Besse v. Dyre*, 9 Allen, 151; *Burke v. Wells, Fargo Co.*, 50 Cal. 219. In this case the defendant's offer was not for information, but for the apprehension and conviction. There is a clear distinction between the apprehension and conviction of a criminal and the giving of information leading to such results. *Sheerg- v. United States*, 92 U. S. 77.

The case just cited was where the secretary of war had offered $2,500 for the apprehension of John H. Surratt, one of Booth's alleged accomplices in the murder of President Lincoln, and Mr. Justice STRONG in delivering the opinion of the court in the case said, "It is found as a fact that the arrest was not made by the

claimant, though the discovery and arrest were due entirely to the disclosures made by him. The plain meaning of this is that Surratt's apprehension was a consequence of the disclosure made. But the consequence of a man's acts are not his acts. Between the consequence and the disclosure that leads to it there may be and in this case there were intermediate agencies, other persons than the claimant made the arrest—persons who were not his agents and who themselves were entitled to the proffered reward for his arrest, if any persons were."

*Juniata Co. v. McDonald*, decided by the supreme court of Pennsylvania and reported in 15 Atl. Rep. 696, was where a reward was offered for the "*capture and delivery*" of an escaped murderer who had been sentenced to be hanged. The plaintiff claimed that the capture had been made by the sheriff and others in consequence of information which he gave the sheriff. In the opinion it is said that: "A mere reading of the paper—the offer of reward—settles the whole controversy. The reward was not *offered for information* as to the prisoner's whereabouts, but for his capture and delivery. How then could one be entitled to that reward who *neither captured nor delivered him?* Admitting then that the plaintiff gave the sheriff accurate information as to where the culprit could be found, and that he went with him and acted as one of his *posse*, yet on that officer fell the duty of arrest and the plaintiff was relieved of all responsibility."

*Everman v. Hyman*, decided by the supreme court of Indiana (28 N. W. Rep. 1022), was where a reward was offered for the "*capture of a thief.*" The plaintiff located the thief and informed the deputy sheriff where he could be found. He made claim to the reward. In the opinion it is stated that: "The duty of making the arrest fell upon this officer and he discharged it as

he was bound to do. It is true he received *information from the appellee-claimant as to where the culprit could be found,* but the information he was entitled to gather and have from any and all sources possible. *The reward was not offered for information as to the whereabouts of the prisoner but for his capture.*" And like principles are recognized in the following cases: *Adair v. Cooper,* 24 Tex. 548; *Plantin v. Young,* 11 Rich. (S. C.) 546; *Jones v. Bank,* 4 Seld. 228; *Reinhart v. City of Lancaster,* 6 Atl. Rep. 91.

Applying these principles to the facts of this case, and it seems clear to us that the apprehension and conviction of Kellen were conditions precedent to the recovery of the reward. It is not pretended that the plaintiff was principally instrumental in accomplishing either the apprehension or conviction of Kellen. After he gave the information, he remained inactive and passive until the arrest and conviction. He did not take upon himself the burden and responsibility of apprehending or procuring the apprehension of Kellen, nor of preparing and furnishing the evidence upon which the conviction was secured, and thus relieve the defendant. If the conviction had failed, as it is stated was the case, as to the two alleged confederates of Kellen, the consequences of such failure would have rested alone upon the defendant.

If the plaintiff intended to claim the reward, he should have followed up the information he gave by a compliance with the terms of the offer. He should have shown, as he did not, some active agency or participation in procuring the apprehension and conviction. As far as appears from the facts in the case had it not been for the action of the defendant in putting in motion the machinery of the government of the state of Kansas, Kellen would have neither been apprehended nor convicted of his crime. It does

not appear that the plaintiff made the slightest effort to arrest and convict Kellen, or that he actively co-operated with defendant in securing these results. Nor does it appear that the defendant in any way excused the plaintiff from the performance of the conditions of its offer or needlessly assumed the responsibility of the arrest and conviction itself.

The plaintiff insists that the giving of the information to the governor of the state of Kansas conduced to the apprehension and conviction of Kellen, and that this constituted substantial compliance with the terms of the defendant's offer; and in support of this insistance cites quite a number of authorities. Some of them hold that, where one acting under an offer of reward acquires a knowledge of the facts necessary to a detection and discovery of the criminal and has imparted such knowledge with the intent of bringing about his arrest and conviction, *taking upon himself the risk and consequence of the failure*, if it fails, with a view of the benefit of the reward, he is entitled to the reward. *Bank v. Hart*, 55 Ill. 62; *Bank v. Bangs*, Ed. Ch. 95; *Burke v. Wells, Fargo Co.*, 50 Cal. 219. As has already been stated the plaintiff in this case did not take upon himself the risk and consequence of the failure of the arrest and conviction of the criminal, and therefore the cases last cited are not analagous.

*Crawshaw v. City of Roxbery*, 7 Gray, 374, was where a reward for the "apprehension and conviction" of any person setting fire to any building within the limits of the defendant city with the intent to destroy the same. The plaintiff pointed out a person to a police officer of the city and requested his arrest for having set fire to a building. He stated to the officer some facts and circumstances tending to show that the accused person set the fire. The accused confessed his guilt to the officer and on this confession was found guilty. It was

held the plaintiff was entitled to the reward. The case is not like the one at bar, for there the claimant of the reward gave not only the information upon which the arrest was made, but requested the same and thereby assumed the risk and responsibility of the consequences. The case is to be' for that reason distinguished from this.

*Matcher v. Sir Richard England,* reported in 3 M. G. S. 253, seems to very fairly sustain the plaintiff's contention. There are also cases cited where there is no distinction observed between offers of a reward for *information leading to the detection and apprehension,* and that *for the arrest and conviction* of a criminal. The reasoning of the cases referred to in the first part of this opinion are much more satisfactory to our minds than that of the English case just cited, or any of the cases which are supposed to follow it.

Upon principle and authority we are of the opinion that the plaintiff is not entitled to recover the reward for which he has sued, and so reverse the judgment.