Peelle, J.,
delivered the opinion of the court:
The question in this case arises on the defendants’ demurrer to the petition, on the ground that the facts alleged are not sufficient to constitute a cause of action.
The facts averred in the petition are, in substance:
. “(1) That the claimant, Elizabeth C. Rojmolds, is the widow of the late Thomas F. Reynolds, and as such brings this suit under the provision of section 2 of the act of February 24. 1897 (29 Stat. L., 593).
“ (2). That the claimant’s decedent enlisted in Company A, One hundred and twenty-sixth Illinois Infantry Volunteers, bn July 31, 1862, for the period of three years, or during the war; that he was promoted to be first lieutenant of said company and regiment on the 21st dajr of April, 1864, and mustered as such on the 13th day of September, 1864, and honorably discharged on the 31st day of July, 1865.
“ (3) That under the provisions of section 5 of the act of Congress approved July 22, 1861 (12 Stat. L., 268), and the sixth section of the act of Congress approved July 5, 1862 (12 Stat. L., 509), decedent was entitled to receive from the Government the sum of $25 in addition to his regular pay ! immediatety after enlistment,’ and that he was entitled to have and receive from the Government the further sum of $75 in addition to his regular pay ‘when honorably discharged * * * if he should have served for a period of two years, or during the war, if sooner ended.’
“The claimant further says that the sum of $25, technically called ‘ advance bounty,’ was paid to decedent on the 12th day *79 of November, 1862, and that the balance of the said bounty of $100, as provided for in said two acts of Congress — to wit, the sum of $75 — was paid to decedent on the 28th day of February, 1865.
“ (4) That under the provisions of the act of Congress approved February 24, 1897 (29 Stat. L., 593), decedent was recognized as having been first lieutenant of said company and regiment from July 24, 1864, and was ‘remustered’ to date from said date by the War Department, and in pursuance thereof he was recognized by the Treasury Department as entitled to the pay and allowances of a first lieutenant from said date.
“ (5) That the said accounting officers of the Treasury adjusted this claimant’s claim, based upon the services of decedent, as aforesaid, under the provisions of the said act of Congress approved on February 24, 1897, and on March 3, 1903, found that there was due and payable to this claimant the sum of $135.66, from which said amount, however, they deducted the sum of $100, being the amount of ‘advance bounty’ and of bounty paid to decedent under the said acts of Congress of July 22, 1861, and of July 5, 1862, as aforesaid.”
Hence this action.
Section 5 of the act of July 22, 1861 (12 Stat. L., 269), provides, inter alia:
“Seo. 5. * * * every volunteer noncommissioned officer, private, musician, and artificer who enters the service of the United States under this act shall be paid at the rate of fifty cents in lieu of subsistence, and if a cavalry volunteer, twenty-five cents additional, in lieu of forage, for every twenty miles of travel from his place of enrollment to the place of muster— the distance to be measured by the shortest usually traveled route, and when honorably discharged an allowance at the same rate from the place of his discharge to his place of enrollment, and, in addition thereto, if he shall have served for a period of two years, or during the war, if sooner ended, the sum of one hundred dollars. * * *”
By section 6 of the act of July 5, 1862 (12 Stat. L., 509), it. was provided that section 5 of the act of July 22, 1861, last aforesaid “shall be so construed as to allow twenty-five dollars of the bounty of one hundred dollars therein provided to be paid immediatelv after enlistment to every soldier of the regular and volunteer forces hereafter enlisted during the continuance of the existing war,” ana an appropriation was therein made for that purpose.
*80 The claimant’s decedent entered the service of the United States as an enlisted man July 31,1862, and, having- served as such for two years and until mustered into the service as first lieutenant September 13, 1864, he thereby became entitled to and was paid the sum' of $100 in the manner authorized by said acts — that is to sa3q $25 -November 12, 1862, and $75 February 28, 1865.
In that condition matters remained until the passage of the act of February 24, 1897 (29 Stat. L., 593), which reads:
“ That any person who was duly appointed or commissioned to be an officer of the volunteer service during the war of the rebellion, and who was subject to the mustering regulations at the time applied to members of the volunteer service, shall be held and considered to have been mustered into the service of the United States in the grade named in his appointment or commission from the date from which he was to take rank under and by the terms of his said appointment or commission, whether the same was actually received by him or not, and shall be entitled to pay, emoluments, and pension as if actually mustered at that date: Provided, That at the date from which he was to take rank by the terms of his said appointment or commission there was a vacancy to which he could be so appointed or commissioned, and his command had either been recruited to the minimum number required by law and the regulations of the War Department, or had been assigned to duty in the field, and that he was actual^ performing the duties of the grade to which he was so appointed or commissioned; or if not so performing such duties, then he shall be held and considered to have been mustered into service and to be entitled to the benefits of such muster from such time after the date of rank given in his commission as ho may have actually entered upon such duties: Provided further, That any person held as a prisoner of war, or who may have been absent by reason of wounds, or in hospital by reason of disability received in the service in the line of duty, at the date of issue of his appointment or commission,- if a vacancy existed for him in the grade to which so appointed or com.missioned, shall be entitled to all the benefits to which he would have been entitled under this act if he had been actually performing the duties of the grade to which he was appointed or commissioned at said date: Provided further, That this act shall be construed to apply only in those cases where the commission bears date prior to June twentieth, eighteen hundred and sixty-three, or after that date when the commands of the persons appointed or commissioned were not below the minimum number required by then existing laws and regulations: *81 And provided further, That the pay and allowances actually received for the period covered by the recognition extended under this act shall be deducted from the sums otherwise to be paid thereunder.
“Sec. 2. That the heirs or legal representatives of any person whose muster into service shall be recognized and established under the terms of this act shall be entitled'to receive the arrears of pay and emoluments due, and the pension, if any, authorized by law, for the grade to which recognition shall be so extended.
“ Sec. 3. That the pay and allowances of any rank or grade paid to and received by any military or navai officer in good faith for services actually performed by such officer in such rank or grade during the war of the rebellion, other than as directed in the fourth proviso of the first section of this act, shall not bo charged to or’ recovered back from such officer because of any defect in the title of such officer to the office, rank, or grade in which such services were so actually performed.
“Sec. 4. That all acts and parts of acts inconsistent with the provisions of this act be, and the same are hereby, repealed.”
Under section 2 of that act the claimant, as widow, applied for and was granted a remuster, whereby her decedent was recognized as a first lieutenant from July 24, .1864, or seven days before the expiration of the two years he had served as an enlisted man; and as that was a matter within the control of the War Department, we are relieved from making inquiry as to whether, at the date from which the claimant was to take rank by the terms of his commission, there was a vacancy to which he could be so appointed as provided in the first proviso to section 1, or whether after June 20, 1863, as stated in the third proviso to said section, the command to which the claimant was commissioned was “not below the minimum number required by then existing laws.”
By section 6 of the act of March 3, 1863 (12 Stat. L., 743), it is provided:
“That all payments of advance bounty made to enlisted men who have been discharged before serving out the term required by law for its payment in full shall be allowed in the settlement of the accounts of paymasters at the Treasury, but hereafter, in all such cases, the amount so advanced shall be charged *82 against the enlisted men unless the discharge be upon surgeon’s certificate for wounds received or sickness incurred since their last enlistment.”
Under the ruling of the accounting officers, if the claimant’s decedent had originally been mustered into the service as first lieutenant on July 24,1864, instead of September 13,1864, ho would not have been paid the balance of $75 provided for by the acts of 1861 and 1862 by reason of his promotion before having served two years as an enlisted man, and the advance bounty of $25 paid to him November 12, 1862, would have been charged against him and deducted in the settlement of his account under the act of March 3, 1863 (supra).
The claimant’s contention is that section 1 of the act of February 24, 1897, confers upon the officers who served in the late civil war certain rights and benefits to which they theretofore had no legal claim, though based upon services rendered by them from and after the date of their respective remusters under said act; and for that reason it is contended that the amount authorized to be paid by said act is a gratuity, not subject to be diminished by deduction of the $100 to which the claimant’s decedent was legally entitled at the time the same was paid to him.
There can be no doubt but that the claimant’s decedent was legally entitled to be paid the $100 under the law as it existed at the time the several payments were made, as he had complied with the conditions of the act of 1861 by serving “for a period of two years” as an enlisted man. Conceding that the act of 1897 (supra) confers rights and benefits on the officers therein stated not theretofore enjoyed by them, and that for this reason whatever amount is found due thereunder may be regarded as a gratuity, still such gratuity is subject at least to the conditions and limitations of the act which grants it, if not to the provisions of the prior acts to which we have referred.
The Congress certainly did not intend to give to those officers, who failed to be mustered in the grades on the dates from which they were to take rank under their respective commissions, advantages over their brother officers who had been so mustered during the war nor will the language of the act bear such construction.
*83 The evident purpose of the act, as we read it, was to place such officers on an equalit}^ with the other officers who had been so fortunate as to be mustered during the war in the grades on the dates from which they were to take rank under their respective commissions. Hence the change of date in remus-ter to July 24, to conform to the date from which the claimant’s decedent took rank under his commission, was that he should thereby become “entitled to the pay,'emoluments, and pension as if actualty mustered at that date.” That is to say, the same “pay, emoluments, and pension” he would have been entitled to had he been “actually mustered at that date.”
We reach the conclusion then, that upon the remuster the heirs or legal representatives of such officers thereby became entitled under section 2 of .the act to the pay and emoluments their decedent would have been entitled to had he been “actually mustered” on July 24 instead of September 13, 1864; and this being so the settlement of the claimant’s account therefor under the act must relate back to the date of remus-ter and can not be enlarged in her favor. We are of the opinion that the act itself, where a party entitled to the benefits thereunder applies therefor, operates to reopen the settlement so made with the claimant’s decedent, if, indeed, the §100 bounty so paid to him could not be recovered back as against anyone entitled to the amount found due under said act. (McElrath v. United States, 102 U. S., 426, 441, and Wisconsin Central R. R. Co. v. United States 164 U. S., 190, 212.)
We do not mean to say or hold that where bounty so paid exceeds the amount due under the act of 189J, the excess may be charged against the heirs or legal representatives of their decedent, as, in such case, those entitled to the benefit of the act majr waive their rights thereunder; but to the extent of the amount found due théreunder to anyone entitled thereto, the bounty so paid may be deducted therefrom. •
If we are incorrect in the views we have expressed with reference’ to the rights of the claimant under the purview of the act, we think the last proviso to section 1 thereof fully justifies the conclusion we have reached. That proviso declares in express terms ‘ ‘ that the paj^ and allowances actually received for the period covered by the recognition extended under this *84 act shall be deducted from the sums otherwise to be paid thereunder. ”
Docs that language mean that only the ordinary “ pay and allowances actually received for the period ” between the dates of muster (July 24 and September 13, 1864) “shall be deducted,” or does the language mean that whatever pay and allowances were ‘ ‘ actually received ” by the claimant’s decedent by reason of his original muster into the service on September 13 instead of July 24, 1864, “ shall be deducted from the sums otherwise to be paid thereunder ? ” The latter seems to us to bo the correct construction, for the reason that the act seeks to do justice to those officers who actually performed the duties of the grade to which they were commissioned, bjr giving them the “pay, emoluments, and pension” they would have been entitled to had thej'’ been mustered on the dates from which they were to take rank under the terms of their respective appointments or commissions.
This being so it follows that to put them on an equality with other officers, who were fortunate enough to have been mustered during the war on the dates from which they were to take rank under their respective commissions, they must surrender the “ pay and allowances actually received for the period covered by the recognition extended under this act.” That is to say, whatever pay and allowances were actually received by the claimant’s decedent by reason of his original muster into the service as on officer September 13, 1864, different from ivhat he would have received had he been mustered July 24, 1864, “shall be deducted.”
This includes the bounty paid, as in the case of United States v. Landers (92 U. S., 77, 80), where a soldier honorably discharged from the service sought to recover the pay and allowances which had been forfeited by his desertion, the court held that the term “allowances” included bounty, saying:
‘ ‘ The bounty which the petitioner claims was included in the allowances forfeited. Under the term ‘ allowance ’ everything was embraced -which could be recovered from the Government by the soldier in consideration of his enlistment and service, except the stipulated monthly compensation designated as pay.”
*85 Under the act of 1897 pay is expressly included with the allowances actually received as the amount to be deducted.
Under the act of 1861 the payment of the $100 bounty therein provided for to enlisted men was conditioned-on their serving two years, and for that reason the accounting officers have uniformly ruled that the promotion of an enlisted man to be a commissioned officer before he had served the required two years deprived him of the benefit of the act, the same as though he had been discharged from the service at that time at his own request.
The offer of the bounty of $100 was intended to encourage men to enlist, as well as to secure their services for a definite period, while in case of their promotion before the completion of that period, the honor of being a commissioned officer, coupled with the emoluments attached thereto, was deemed sufficient to induce them to accept the same in' lieu of the bounty so offered.
. We deem it unnecessary to consider the meaning or effect of a discharge from the Arm}'-, or whether the discharge of the claimant’s decedent was from the Army, or a discharge to enable him to continue in the service in another grade, since the basis of the bounty was two years’ service as an enlisted man; so it is immaterial whether he was discharged from the Army or to enable him to continue in the service as an officer, for in either event the failure to serve for the period of two years as an enlisted man forfeited the bounty under the act of 1861.
We are therefore of the opinion that the ruling of the accounting officers in deducting the bounty from the amount found due the claimant’s decedent by reason of his remuster was correct, though our conclusions are based on different grounds.
For the reasons given, the demurrer must be sustained and the petition dismissed.