Peelle, J.,
delivered the opinion of the court:
The defendants -file a demurrer to the petition in this case on the ground that the facts stated therein are not sufficient in law to constitute a cause of action.
The material facts averred are:
First. That he is a citizen of the United States and resides in the cityr of Terre Haute and the State of Indiana.
Second. That he enlisted as a private in Company C, Thirty-first Pegiment Indiana Infantry, on the 20th day of September, 1861, for a period of three years or during the war; that he reenlisted for a period of “three years or the war,” and was mustered in with said company and regiment on the 1st day of January, 1864, under the provisions of Section VIII of General Orders, No. 191, A. G., War Department, of June 25, 1863; that he was promoted to be second lieutenant of said company and regiment May 1, 1864, but was never mustered as such; that he was promoted to be first lieutenant of said company and regiment and duly mustered as such September 13, 1864, and was honorably discharged April 6, 1865.
*99 Third. That under the provisions of said General Orders, No; 191, as amended by General Orders, A. G., War Department, No. 324, of September 28, 1863, as ratified by joint resolution approved January 13, 1864 (13 Stat. L., 400), he was entitled to receive of the Government after his said reenlistment, in addition to his regular pay and allowances, a bounty of $60 upon being mustered into service; $50 at the first regular pay day, or two months after muster in; $50 at the first regular pay day after six months’ service, etc. Claimant further shows that said sums were duly paid to him as they respectively became due, and were earned by him.
Fourth. That under the provisions of the act of Congress approved February 24, 1897 (29 Stat. L., 593), claimant was recognized as having been first lieutenant of said regiment from June 25, 1864, and was remustered to date from said date by the W ar Department, and in pursuance thereof he was recognized by the Treasury Department as entitled to pay and allowances of a first lieutenant from said date instead of from September 13, 1864, the date of his muster as such.
Fifth. The claimant made claim through the proper accounting officers of the Treasury for any balance of pay which might be due him by reason of his services as first lieutenant of said Company C, Thirty-first Indiana Infantry, and especially for all pay and allowances which might be due him under said “amended muster” or “remuster,” which said claim was adjusted on June 25,1903, and a balance found due of $63.99.
It is further averred in substance that in the settlement of the claimant’s account, and the ascertainment of the balance in his favor as aforesaid, there were deducted from the amount found due him under said act of February 24, 1897, the sums of $25 as advance bounty and $50 for the third installment of bounty, which it is averred the accounting officers deducted as forfeited by reason of remuster, and he prays judgment therefor.
Other items were deducted from the amount found due, but in the brief for the claimant the correctness of the two amounts stated are the only ones questioned, and we will therefore consider the case on that theory.
*100 The action, as further averred in the petition, is brought under the provisions of the sundry civil appropriation act of June 28, 1902 (82 Stat. L., 419, 472), the provision therein being “ for payment of amounts for arrears of pay of two and three years volunteers, for bounty to volunteers and their widows and legal heirs, for bounty under the act of July twenty-eighth, eighteen hundred and sixty-six, and for amounts for commutation of rations to prisoners of war in. rebel States, and to soldiers on furlough, that maj^ be certified to be due by the accounting officers of the Treasury during the fiscal year nineteen hundred and three, three hundred thousand dollars; * * * .”
The question of the right of a claimant to maintain an action in this court on an appropriation has been the subject of judicial determination by this court in a number of cases, from which no appeal has been taken. (Hukill v. United States, 16 C. Cls. R., 562; Simons v. United States, 19 C. Cls. R., 601; Sowle v. United States, 38 C. Cls. R., 525.) And the recent case of Galm v. United States (ante p. —), holding in substance that an appropriation to pay a class of claims is a recognition by the Congress of their justice and that a promise to pay whatever sums majr be found due to the persons or class of persons named in such acts gives this court jurisdiction. In the case of Sowle (supra), construing the language of a similar appropriation act, the court said “the appropriation act is a direction to the accounting officers to pay what may be due, and a failure to pay does not deprive the claimants of the right to maintain a suit in this court to recover whatever may be due.” The claimant’s right therefore being founded on an act of Congress, this court has jurisdiction to hear and determine the matter in dispute.
The appropriation was made to pajr the claims adjusted under section 1 of the act of February 24, 1897 (29 Stat. L., 593), which reads:
“That any person who was duly appointed or commissioned to be an officer of the volunteer service during the war of the rebellion, and who was subject to the mustering regulations at the time applied to members of the volunteer service, shall be held and considered to have been mustered into the service of the United States in the grade named in his appointment *101 or commission from the date from which ho was to take rank under and by the terms of his said appointment or commission, whether the same was actually received by him or not, and shall be entitled to pay, emoluments, and pension as if actually mustered at that date: Provided, That at the date from which he was to take rank by the terms of his said appointment or commission there was a vacancy to which he could be so appointed or commissioned, and his command had either been recruited to the minimum number required by law and the regulations of the War Department or had been assigned to duty in the field, and that he was actually performing the duties of the grade to which he was so appointed or commissioned; or if not so performing such duties, then he shall be held and considered to have been mustered into service and to be entitled to the benefits of such muster from such time after the date of rank given in his commission as he may have actually entered upon such duties: Provided further, That any person held as a prisoner of war, or who may have been absent by reason of wounds, or in hospital by reason of disability received in the service in the line of duty, at the date of issue of his appointment or commission, if a vacancy existed for him in the grade to which so appointed or commissioned, shall be entitled to all the benefits to which he would have been entitled under this act if he had been actually performing the duties of the grade to which he was appointed or commissioned at said date: Provided further, That this act shall be construed to apply only in those cases where the commission bears date prior to June twentieth, eighteen hundred and sixty-three, or after that date when the commands of the persons appointed or commissioned were not below the minimum number required by then existing laws and regulations: And provided further, That the pay and allowances actually received for the period covered by the recognition extended under this act shall be deducted from the sums otherwise to be paid thereunder.”
Under that act the claimant’s account was adjusted and the . accounting officer’s made the deductions of the two amounts stated.
The difference between this and the Reynolds case (ante p. 74), decided on the first day of this term, is that in the Reynolds case the enlistment was on July 31,1862, under the acts of 1861 and 1862 (12 Stat. L., 268 and 509) authorizing the payment of $100 to enlisted men who served for a period of two years, of which sum $25 was payable immediately after' enlistment and the residue at the expiration of the two years.
*102 Reynolds having earned the $100 by serving two years, and until promoted and mustered as first lieutenant September 13, 1864, lie was paid the bountjr so offered. But when his heirs applied to have his account readjusted under the act of February 24, 189 (supra), the date of his muster as an officer was changed to July 24,1864, or seven days before the expiration of his two years’ service as an enlisted man, and for that reason the court held that under the provisions of the act of 1897 the $100 so paid should be deducted from the amount found due him thereunder, i. e., that he should receive no greater pay under the act of 1897 than he would have received had he been mustered into the service as first lieutenant originally on July 24 instead of, as he was, on September 13,1864, and, further, that under the ruling in the case of United States v. Landers (92 U. S., 77, 80) the court held that the term “allowances” included bounty.
In the present case the claimant enlisted 'September 20, 1861, and served as an enlisted man for more than two years, and until appointed a first lieutenant, in which grade he was mustered September 13, 1864. Having served for more than two years as an enlisted man, he was presumably paid the bounty of $100 authorized by the acts of 1861 and 1862.
At the expiration of the claimant’s term of enlistment he reenlisted for a period of three years, or during the war, and was mustered in with his companj'- and regiment January 1, 1864, as a veteran volunteer. Prior to his reenlistment General Orders, No. 191, War Department, Adjutant-General’s Office, June 25, 1863, had been promulgated for the purpose, among other things, of encouraging the reenlistment of .three-year troops who had served at least nine months, and by paragraph 3 of that order it was provided that—
“ Every volunteer enlisted and mustered into service as a veteran under the order shall be entitled to receive from the United States one month’s pay in advance and a bounty and premium of $402, to be paid as follows:
1. Upon being mustered into service.he shall be paid one month’s pay in advance. §13
Hirst installment bounty. 25
Premium. 2
Total payment on muster 40
*103 “2. At tbe first regular pay day, or two months after muster in, an additional installment of bounty will be paid, $50.
“3. At the first regular pay day after six months’ service he should be paid an additional installment of bounty, $50;” and so on at different periods until the whole sum should bo paid.
“ That paragraph of General Orders, No. 191, was amended by General Orders, No. 824, War Department, Adjutant-General’s Office, September 28,1863, whereby the first installment of bounty e was increased to $60, thus making the total payment on muster $75.’ ”
Bjr joint resolution approved December 23, 1863 (13 Stat. L., 399), there was appropriated in the first section thereof $20,000,000 for the payment of bounties and advance pay, and the last proviso to that section was “that no bounties, except such as are now provided by law, shall be paid to any persons enlisted after the 5th day of January next.” Later, however, by joint resolutions approved January 13,1864, and March 3, 1864 (13 Stat. L., 400 and 403), the time for the payment of bounties, “under regulations and orders from the War Department, to men enlisting in the regular or volunteer forces of the United States for three years or during the war,” was continued from Januaiy 5 until the 1st day of April, 1864, anything in the joint resolution approved December 23,1863, to the contrary notwithstanding; thus ratifying the general orders hereinbefore referred to under 'which the earned portions of the bounty of $402 had theretofore been paid and were thereafter continued to be paid in accordance with the provisions of said joint resolutions and the service of such enlisted men.
The first, second, and third installments were paid to the claimant, but payment of subsequent installments was withheld, and rightly so, because of the claimant’s promotion and appointment to be a first lieutenant in said company and regiment, in which grade he was mustered September 13, 1864, before the time fixed for the payment of the fourth installment of said bounty.
The claimant was paid as a first lieutenant from the latter date until he was honorably discharged, April 6,1865. There the matter rested until after the passage of the act of 1897, authorizing the War Department to determine the date from *104 which the claimant was to take rank by virtue of the terms of his appointment or commission, and to that end was authorized to recognize him as having “been mustered into the service of the United States in the grade named in his appointment or commission” from such date; and being so recognized the act provides that he “shall be entitled to pay, emoluments, and pension as if actually mustered at that date.”
Under the authority conferred by that act the War Department, on the claimant’s application therefor, corrected the date of muster from September 13 to June 25, 1864, thereby recognizing him as having been mustered as first lieutenant in the service from the latter date, from which latter date he was recoguized as having taken rank under and by virtue of the terms of his commission.
This recognition of the claimant’s muster into the service as of June 25 instead of September 13, 1864, antedated the maturity of the third installment of $50 bounty which had been paid to him by reason of his original muster into the service as first lieutenant on September 13, 1864. Hence in the readjustment of the claimant’s account at the Treasury Department the accounting officers properly deducted the third installment of $50 paid to the claimant, for the reasons stated in the Reynolds case, which, in substance, is that whatever pay and allowances were actually received by the claimant by reason of his original muster into the service as an officer, September 13, 1864, different from what he would have received had he been mustered June 25, 1864, was properly deducted, as upon his promotion he thereby elected to accept the honor and emoluments of the office to which by his appointment he became entitled in lieu of the residue of the bounty.
But in respect of the deduction of $25 of the first, installment of $60 bounty, which the claimant had earned by virtue of his reenlistment, we think a different rule should apply, especially as it is not averred in the petition that the claimant was paid on his reenlistment the $25 bounty, or any other sum provided by the acts of 1861 and 1862, in addition to the $60 authorized to be paid by the general orders referred to; and hence, without any showing by the averments of the petition that the claimant was so paid, the deduction of $25 appears *105 to be erroneous, and for that reason the demurrer must be overruled, leaving the question of payment under the acts of 1861 and 1862, after the claimant’s reenlistment, as matter of defense.
The demurrer is therefore overruled.