### McCLAUGHREY et al. v. KING, Sheriff.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. February 9, 1905.)

REWARDS—PERFORMANCE OF SERVICE—REWARD FOR ARREST.

A reward offered "for the arrest of each of the parties convicted" of a stated crime is not earned by merely giving information to an officer which leads to the arrest of a person subsequently convicted.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Rewards, §§ 7–13.]

At Law. On demurrer to complaint.

Cravens & Cravens and Arthur M. Jackson, for plaintiffs.
Jorden E. Cravens, for defendant.

ROGERS, District Judge. The plaintiffs allege for their cause of action that they are citizens of the state of Illinois, and the defendant is the duly qualified and acting sheriff of the county of Johnson and state of Arkansas, and a citizen of that state; that on February 5, 1902, the Bank of Clarksville, in Johnson county, Ark., was robbed by a man known, among other names, by that of Fred Underwood, and other parties acting in concert, and in robbing the bank they killed the sheriff of Johnson county, John A. Powers; that shortly thereafter the defendant, who was the successor in office of John A. Powers, offered a reward of $2,750 "for the arrest of each of the parties convicted of said bank robbery and said murder"; that plaintiffs, having ascertained about August 1, 1902, that said Underwood had been arrested on the 26th of July, 1902, by the police officers in the city of Evansville, Ind., on the charge of vagrancy, and having known that said Underwood was suspected of being one of the robbers of the said Bank of Clarksville and one of the murderers of said Powers, and knowing that said reward had been offered for the arrest of said Underwood, immediately notified the defendant, through Ralph W. Cochran, chief of police of Oklahoma City, that said Underwood was under arrest in the city of Evansville, in the state of Indiana, and that, acting upon said information so furnished, the said Joseph B. King immediately went to said city of Evansville, in the state of Indiana, and, acting in his official capacity of sheriff, arrested said Underwood, took him into his custody, and brought him back to the city of Clarksville, Johnson

county, Ark., where he was subsequently tried, convicted, and executed. Plaintiffs further allege that they have made demands for the $2,750 reward, and that the said defendant refuses to pay it, and pray judgment for the same. The defendant demurs.

The court is of opinion that the demurrer is well taken, and sustains the same on the following authorities: Shuey v. U. S., 92 U. S. 73, 23 L. Ed. 697; Amis v. Conner, 43 Ark. 337; Everman v. Hyman (Ind. Sup.) 28 N. E. 1022, 84 Am. St. Rep. 284; Williams v. Railroad Co. (Ill.) 61 N. E. 456, 85 Am. St. Rep. 278; Juniata County v. McDonald (Pa.) 15 Atl. 696; Lovejoy v. Atc., Topeka & Santa Fé R. Co., 53 Mo. App. 386. Cases have been cited more or less at variance with the principles announced in these cases. Most of them are easily distinguished from the case at bar by reason of the difference in the facts. There is, however, some conflict. This court, however, of course, is bound by the decision of the Supreme Court of the United States, and is of opinion that the line of authorities in support of that doctrine are best supported by reason and justice.

The demurrer is sustained, with leave to amend.