Booth, J.,
delivered the opinion of the court:
Claimant, Alfred A. McClure, enlisted July 6, 1861, for three years, as a private in Company H, Twenty-first Indiana Infantry. On December 31, 1863, he was discharged to enable him to reenlist as a veteran volunteer. On January 1, 1864, he did reenlist as a veteran volunteer for three years, or during the war, in same company and regiment. On September 25,1865, claimant without leave left his command and never returned thereto, and hence was borne on his company rolls as a deserter. TIis company was discharged January 20, 1866. This claim is for arrears of bounty, back pay, and allowances alleged to have accrued to claimant under general orders of the War Department numbers 191 and 324, validated by the act of July 5,1884 (23 Stat. L., 119).
Finding V discloses that claimant has been paid the $100 bounty under the act of July 22, 1861, and $260, less $25 advance veteran bounty, the accrued installments to September 25, 1865 (when he absented himself without leave), of the $400 bounty provided for by General Orders, No. 101, of the War Department, dated July 25, 1863, amended by General Orders, No. 324, of the War Department, dated September 28, 1863, ratified by joint resolution approved January 13, 1864.
On June 25, 1863, by order of the Secretary o’f War, General Orders, No. 191, were issued, the portions of which material to this case read as follows:
“ ,In order to increase the armies now in the field, volunteer infantry, cavalry, and artillery may be enlisted at- any time within ninety days from this date, in the respective States, under the regulations hereinafter mentioned. The volunteers so enlisted, and such of the three-years’ troops now in the field as may reenlist in accordance with the provisions of this order, will constitute a force to be designated ‘ Veteran Volunteers.’ The regulations for enlisting this force are as follows:
*265 “ I. The period of service for the enlistments and reenlist-ments above mentioned shall be for three years or during the war.
“ II. All able-bodied men between the ages of 18 and 45 years who have heretofore been enlisted, and have served for not less than nine months, and can pass the examination required by the mustering regulations of the United States, may be enlisted under this order as veteran volunteers, in accordance with the provisions hereinafter set forth.
“ III. Every volunteer enlisted and mustered into service as a veteran under this order shall be entitled to receive from the United States one month’s pay in advance and a bounty and premium of $402, to be paid as follows:
1.Upon being mustered into service be shall be paid one month’s pay in advance_$13. CO
First installment of bounty_ 25. 00
Premium - 2. 00
Total payment on muster_ 40. 00
2. At the first regular pay day, or two months after muster in, an additional installment of bounty will be paid_50. 00
3. At the first regular pay day after six months’ service he shall be paid an additional installment of bounty_ 50. 00
4. At the first regular pay day after the end of the first year’s service an additional installment of bounty will be paid_ 50. 00
5. At the first regular pay day after eighteen months’ service an additional installment of. bounty will be paid- 50.00
6. At the first regular pay day after two years’ service an additional installment of bounty will be paid- 50. 00
7. At the first regular pay day after two and a half years’ service an additional installment of bounty will be paid- 50. 00
S. At the expiration of three years’ service the remainder of the bounty will be paid- 75. 00
“ IY. If the Government shall not require these troops for the full period of three years, and they shall be mustered honorably out of service before the expiration of their term of enlistment, they shall receive, upon being mustered out, the whole amount of bounty remaining unpaid, the same as if the full term had been served. The legal heirs of volunteers who die in service shall be entitled to receive the whole bounty remaining unpaid at the time of the soldier’s death.
“ VII. Volunteers or militia now in service, whose term of service will expire within ninety days, and who shall then have been in service at least nine months, shall be entitled to the aforesaid bounty and premium of $402, provided they reenlist before the expiration of their present term for three years or the -war; and said bounty and premium shall be paid in the manner herein provided for other troops reentering the service. The new term will commence from date of reenlistment.
*266 “ VIII. After the expiration of ninety days from this date volunteers serving iiy three years’ organizations who may reenlist for three years or the war shall be entitled to the aforesaid bounty and premium of $4-02, to be paid in the manner herein provided for other troops reentering the service. The new term will commence from date of reenlistment.”
On September 28, 1863, the Secretary of War issued General Orders, No. 324, as follows:
“ I. The time, for enlisting veteran volunteers tinder the provisions of General Orders, No. 191, current series, from this office, is hereby extended to December 1,1863. This extension will not be considered as securing rank and pay to officers after August 25, the limit fixed in paragraph VI of said order.
“ II. Under paragraph III of the aforesaid order, the first installment of bounty (section 1) is hereby increased to $60, thus making the £ total payment on muster ’ $75; and the ‘remainder of the bounty’ (section 8) at the expiration of three years’ service is reduced to $40.”
Joint resolution of Congress of March 3, 1864 (13 Stat., 403), provides:
“ That the bounties authorized to be paid under existing laws, and by regulations and orders of the War Department, to veterans reenlisting or persons enlisting in the regular or volunteer service of the United States for three years, or during the war, shall continue to be paid from the first day of March, eighteen hundred and sixty-four, to the first day of April, eighteen hundred and sixty-four, anything in any law or regulation to the contrary notwithstanding; the said bounties to be paid out of any moneys already appropriated for such purposes.”
The first and fourth sections of the act of July 5, 1884 (23 Stat. L., 119), provide as follows:
uBe it enacted by the Senate and Rouse of Representatives of the United, States of America in Congress assembled, That the charge of desertion now standing on the rolls and records in the office of the Adjutant-General of the United States against any soldier who served in the late war in the volunteer service shall be removed in all cases where it shall be made.to appear to the satisfaction of the Secretary of War, from such rolls and records, or from other satisfactory testimony, that any such soldier served faithfully until the expiration of his term of enlistment, or until the first day of May, anno Domini eighteen hundred and sixty-five, having previously served six months or more, or was prevented from *267 completing his term of service by reason of wounds received or disease contracted in the line of duty, but who, by reason of absence from his command at the time the same was mustered out, failed to be mustered out and to receive an honorable discharge : Provided, That no soldier shall be relieved under this section who, not beng sick or wounded, left his command without proper authority whilst the same was in the presence of the enemy.
“ Sec. 4. That when the charge of desertion shall be removed under the provisions of this act from the record of any soldier, such soldier, or, in case of his death, the heirs or legal representatives of such soldier, shall receive the pay and bounty due to such soldier: Provided, however, That this act shall not be so construed as to give to any such soldier, or,in case of his death, to the heirs or legal representatives of any such soldier, any pay, bounty, or allowance for any period of time during which such soldier was absent from'his command without proper authority, nor shall it be so construed as to give any pay, bounty, or allowance to any soldier, his heirs or legal representatives, who served in the Army a period of less than six months.”
It seems unnecessary to consttue an act the intention of which is so obvious upon its face. The language employed in the enactment is exceedingly circumspect; by its various limitations and provisos it is clear that the Congress only intended to do exact justice to certain classes of volunteer soldiers, charged with desertion, when the circumstances of the case removed an intention to abandon the Army at a time when their services were actually needed. No intendment can be indulged that would extend its provisions beyond a legislative desire to restore this class to an honorable status as respects their military service. Realizing the delicate subject with which they were dealing, the Congress in express terms by the proviso to section 4 of the act withheld all bounty pay and allowances accruing to the volunteer soldier thus situated during the time he was absent from his command without proper authority. The Congress have almost uniformly refused to grant pay and allowances to a soldier against whom a charge of desertion rests, although frequently removing the charge itself. The statute was designed to afford relief to the class of' soldiers enumerated therein, soldiers who absented themselves from their commands at a *268 time Avhen hostilities had ceased and the Avar was practically ended. Tiny had returned home after tAvo enlistments, after months of honorable seiwice, and Avere entitled, in the opinion of Congress, to an honorable discharge, but not to ¡jay, bounty, or alloAvances for a period of time not covered by' service.
The Congress expressly discriminated against the soldier, thus leaving his command, as respects his pay, declining to award him the same pay and alloAvances to Avhich those soldiers serving until the muster out of their command were legally entitled.
The court is aware that the conclusions reached herein are somewhat at variance with the judgments rendered in several cases of similar character heretofore reported. In the Bryant case, No. 17911 — since followed in a feAv cases — the court made findings favorable to the claimant, but no opinion was rendered. The present case Avas more fully argued, and on a reconsideration of the question the court feels constrained to modify the rulings in those cases to conform to the conclusions reached herein.
In this case, as in the case of Leonard H. Mahan (39 C. Cls. R., 97), the Auditor for the War Department deducted $25' of the first installment of $60 bounty. To this amount claimant is entitled to a judgment. Claimant is awarded judgment for $25.