In the Matter of MARCUS D. KOGEL, Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Argued October 8, 1942; decided December 3, 1942.

*Bernard Tomson* for appellant. In the determination of the differential pursuant to section 245 of the Military Law, army allowances for quarters and rations should not be considered. (*Henn* v. *Mt. Vernon*, 198 App. Div. 152; *United States* v. *Mills*, 197 U. S. 223; *Briggs* v. *United States*, 75 C. Cls. 627; *Jones* v. *United States*, 60 C. Cls. 552; *United States* v. *Jackson*, 302 U. S. 628; *Carter* v. *United States*, 79 C. Cls. 166; *Hollister* v. *United States*, 92 C. Cls. 137.)

*Benjamin Wiener* and *Herman Goldman* for Henry W. Boyce, *amicus curiæ*. Commutation of quarters and rations received by an officer in the armed forces is a reimbursement of the expenses incurred by the officer, and is not salary or compensation paid to such officer for the performance of military duties. (*United States* v. *Phisterer*, 94 U. S. 219; *Odell* v. *United States*, 38 C. Cl. 194; *Hollister* v. *United States*, 92 C. Cl. 137; *Henn* v. *City of Mount Vernon*, 198 App. Div. 152.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* and *John C. Crary, Jr.*, of counsel), *amicus curiæ.*

*William C. Chanler, Corporation Counsel* (*Stanley Buchsbaum, Paxton Blair* and *Oscar L. Tucker* of counsel), for respondents. The dominant purpose of section 245 of the Military Law (Cons. Laws, ch. 36) is to give those to whom it is applicable a differential which will maintain their income after entry into military service at the level it was before entry into such service. It is not designed to make entry into military service profitable, and should not be so construed as to produce such a result. (*State ex rel. Shea* v. *Billheimer*, 178 Ind. 83; *People ex rel. Bockes* v. *Wemple*, 115 N. Y. 302; *Matter of Adams* v. *McKenzie*, 177 Misc. Rep. 486; *Mangam* v. *City of Brooklyn*, 98 N. Y. 585; *Matter of Brooklyn Edison Co.*, v. *Davidson*, 269 N. Y. 48; *Price* v. *County of Erie*, 221 N. Y. 260; *People* v. *Ryan*, 274 N. Y. 149; *Surace* v. *Danna*, 248 N. Y. 18; *McLean* v. *United States*, 226 U. S. 374; *United States* v. *Mills*, 197 U. S. 223; *Hovey* v. *De Long Hook & Eye Co.*, 211 N. Y. 420.)

LOUGHRAN, J. At the times here in issue section 245 of the Military Law (Cons. Laws, ch. 36) made these provisions: " Every officer and employee of the state or of a municipal corporation or of any other political subdivision thereof who is a member of the national guard or naval militia, or a member of the reserve corps or force in the federal military, naval or marine service, shall be entitled to absent himself from his duties or service while engaged in the performance of ordered military or naval duty, and while going to and returning from such duty. * * * If the period of such absence in any calendar year exceeds thirty days he shall receive for the period of absence in excess of thirty days such part of his salary or compensation as such officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such duty."

For some time prior to February 13, 1941, the petitioner was a reserve officer in the United States Army. On that date he was ordered to report for active duty. He was then employed by the city of New York as Medical Superintendent of the Queens General Hospital. He had received from the city a cash salary of $4,500 per annum and family maintenance of the conceded value of $2,250

per annum. The parties have stipulated that from February 13, 1941, " the petitioner has received from the United States Government base pay and longevity pay at the rate of $3,300 per annum, and has received, in addition thereto, from the United States Government a cash allowance for quarters at the rate of $100 per month and a cash allowance for subsistence at the rate of $54 per month."

On these facts, the controversy is one as to the determination of the differential to which the petitioner is entitled under the foregoing provisions of the Military Law. In the words of the statute he is to have " such part of his salary or compensation as such [civil] officer or employee as equals the excess, if any, of such salary or compensation paid to him for the performance of such [military] duty." The city of New York maintains that the phrase " salary or compensation " as thus used twice in the same sentence must be given like effect in both instances by a construction which will award to the petitioner either (1) the difference between his civil cash salary plus the value of his civil maintenance and his army cash salary plus the cash allowances for subsistence and quarters; or (2) the difference between his civil cash salary and the total of his army base pay and longevity pay. The Appellate Division adopted the first of these alternatives. A single sentence sufficed to state the ruling. " The purpose of the act," said the court, " can be fully served only by including ' subsistence and quarters ' within the term ' compensation ' in the military service as well as in the civil service." (264 App. Div. 898.) We find ourselves unable to assent to this short solution of the case.

The sums received by the petitioner for his army subsistence and quarters were " money allowances " (20 Amer. & Eng. Encyc. of Law [2d ed.] p. 644; U. S. Code, tit. 37, §§ 9, 10). This term " allowances " embraces everything that may be recovered from the government by a soldier in consideration of his enlistment and services, except his stipulated monthly compensation designated as pay. (*United States* v. *Landers*, 92 U. S. 77, 80, 81. See *United States* v. *Jackson*, 302 U. S. 628, 631.) This term " pay " means regular compensation as distinguished from allowances for subsistence and quarters and the like. (*United States* v. *Mills*, 197 U. S. 223, 227, 228.) In *United States* v. *Phisterer* (94 U. S. 219) the court said: " Quarters are expected to be furnished by the

government to its officers; when it cannot thus furnish, it allows them to be obtained otherwise, and pays a money compensation therefor, called commutation. This is upon the assumption, first, that the officers are actually engaged in the public service; and, second, that such quarters are necessary to the discharge of their duty. It is upon the latter idea that commutation for fuel and quarters is not allowed to officers when in the field." (p. 224.)

In the light of these propositions of Federal Law, the scope and application of the foregoing words of our Military Law seem to us to be entirely plain. The " salary and compensation " for military service referred to therein must be taken to mean the regular " pay " of an army officer as distinguished from the " allowances " which he may receive in substitution for subsistence, quarters and like military essentials which are usually supplied by the government in kind.

The value of maintenance furnished to petitioner and his family by the city of New York was part of his salary or compensation for services as an employee of the city. (Civil Service Law, § 50, subd. 13; Cons. Laws, ch. 7.)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.